IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § | |
| | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:20-cv-205 |
| | § | |
| V | § | |
| | § | |
| | § | |
| | § | |
| Colonial Savings F.A. and | § | |
| TransUnion, LLC | § | |
| *Defendant* | § | |

Complaint for Violations of the Fair Credit Reporting Act

_____

Introduction

1. When Congress enacted the Fair Credit Reporting Act it found that inaccurate credit reporting impaired the efficiency of the banking system and compromised public confidence in the banking system. That consumer reporting agencies had a vital role in assembling an evaluating consumer credit and other information. And that there was a need to ensure consumer reporting agencies exercised their responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

2. Among the responsibilities of credit reporting agencies is the maintenance of reasonable procedures to assure the maximum possible accuracy of the information about the individual who is the subject of the report.

3. Credit reporting agencies do not create the data on their reports. They are furnished this data by various furnishers. These furnishers can be banks, lending institutions, debt collectors, car dealerships, retailers, and others. The FCRA prohibits furnishers from furnishing any information that it knows or has reasonable cause to believe is inaccurate.

4. Plaintiff brings this action against the Defendants under the Fair Credit Reporting Act seeking actual damages, statutory damages, punitive damages, attorneys fees, costs, and all other relief available at law or in equity.

Jurisdiction & Venue

5. This Court is conferred jurisdiction by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this district and division as Plaintiff is a resident of and has been a resident of the City of San Antonio, Bexar County, Texas at all times relevant to this action.

Parties

7. Plaintiff Ann M. Attridge is a natural person.

8. Defendant Colonial Savings, F.A. is a business authorized to conduct business in the State of Texas; it may be served via its registered agent Lee J. Brookshire, Jr. at 2624 W. Freeway, Fort Worth, Texas 76012.

9. Defendant TransUnion, LLC is a foreign limited liability company authorized to conduct business in Texas. It may be served via its registered agent The Prentice-Hall Corporation System at 211 E. 7th St. Austin, Ste 620, Texas 78701.

Facts

10. Attridge works with mortgages in the financial services industry.

11. Her continued employment requires her maintain a good reputation.

12. She has worked hard to cultivate a maintain a reputation as a financially responsible, hardworking, and honest person.

13. One way her employers check her reputation is through her credit report.

14. While relief under bankruptcy laws is available to all who need it, Attridge has managed her finances well, and have never contemplated or required the relief provided by bankruptcy laws.

15. Exhibit A is a search of PACER's records for bankruptcy cases filed by last name Attridge and first name Ann. There are no results.

16. Ms. Attridge was formerly known as Ann Marie Henley. Similarly, per Exhibit B, there are no results in a bankruptcy search of that name.

17. She was surprised when Colonial, her mortgage company, in 2014, told her they were unable to accept payments online because she had filed bankruptcy.

18. After explaining that she never filed bankruptcy, Colonial told her the mistake was cleared up and corrected as of July 2014.

19. She believed that Colonial had corrected its mistake as it began accepting her online mortgage payments again.

20. In April 2019, as part of a background check for new employment, a prospective employer used HireRight, an employment background service. The HireRight report showed Colonial was reporting Attridge had filed bankruptcy.

21. After she learned that this inaccurate reporting was being reported she disputed it with HireRight and Colonial.

22. On May 2, 2019 Lilia Soria, an employee of Colonial, emailed a letter to Attridge stating "TransUnion has inadvertently reported your loan as having a bankruptcy status."

23. Exhibit C is a true and correct copy of Colonial's May Letter with redactions per Fed. R. Civ. P. 5.2.

24. On May 20, 2019 HireRight sent a letter stating that the reporting related to the Colonial mortgage "has been verified as accurate by TransUnion."

25. Exhibit D is a true and correct copy of HireRight's May Letter except that it has been redacted per Fed. R. Civ. P. 5.2.

26. Around this time Attridge opened a dispute as to the incorrect bankruptcy reporting with TransUnion via its online dispute portal. In disputing the bankruptcy reporting, she provided all relevant information, namely that she had never filed bankruptcy.

27. In June TransUnion responded to the dispute stating that "[TransUnion] investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**…" [emphasis in original].[1]

28. Exhibit E is TransUnion's response with redactions per Fed. R. Civ. P. 5.2.

29. The only entity that could have verified it as accurate is Colonial. But they claimed it was TransUnion's "inadvertent report[ing]."

---

[1] The letter from TransUnion is addressed to Ann M. Henley. Henly is Ms. Attridge's name from a previous marriage. Attridge is her maiden name which she now uses.

30. Colonial points the finger at TransUnion. When TransUnion forwards the investigation, as required by the FCRA, to Colonial, they confirm the bankruptcy as accurate.

31. In an effort to clear up her report short of litigation, Attridge re-disputed the debt on or about October 2, 2019.

32. In a letter dated October 16, 2019, TransUnion responded that Colonial had verified the bankruptcy reporting as accurate.

33. As of the filing of this complaint, in spite of her taking all the steps required to correct an inaccurate credit report, Attridge continues to deal with highly negative, inaccurate credit reporting.

34. Attridge has, on several occasions, engaged in an exercise in frustration, testing the bounds of credibility, explaining that while her credit report reflects a bankruptcy, she has never filed bankruptcy, and that after properly disputing it neither TransUnion nor Colonial has corrected it.

35. Attridge has experienced a high degree of stress as a result of this false reporting.

First Cause of Action – Fair Credit Reporting Act Against Colonial

36. Colonial furnished data to TransUnion.

37. As a furnisher, Colonial is required to participate in the reinvestigations conducted by TransUnion and HireRight when

Attridge disputed the accuracy of the bankruptcy reported by Colonial.

38. TransUnion, per its June 15, 2019 letter to Attridge, requested Colonial 1) review relevant information, 2) investigate Attridge's dispute, 3) provide TransUnion a response, and 4) update their records.

39. Colonial willfully failed to comply with requirement to participate in the reinvestigation conducted by TransUnion in violation of 15 U.S.C. § 1681n.

40. Colonial was negligent in failing to comply with requirement to participate in the reinvestigation conducted by TransUnion in violation of 15 U.S.C. § 1681o.

Second Cause of Action – Fair Credit Reporting Act against TransUnion

41. When a consumer disputed the accuracy of an item reporting by a credit reporting agency, the agency must check with both the original sources and with reliable sourced of the disputed information. A CRA can not rely solely on a furnishers' investigation.

42. Here, TransUnion failed to investigate Attridge's dispute. A ten cent PACER search reveals that Attridge never filed bankruptcy.

43. TransUnion's failure to comply with the FCRA was willful and violated 15 U.S.C. § 1681n.

44. TransUnion's failure to comply with the FCRA was negligent and violated 15 U.S.C. § 1681o.

Jury Demand

45. Plaintiff demands a trial by jury.

Prayer

Plaintiff seeks judgment in favor of Plaintiff and against Defendants in accordance with the evidence adduced at trial, based on the following requested relief:

a. Actual damages;
b. Statutory damages;
c. Punitive damages;
d. Costs and reasonable attorney's fees; and
e. All such other and further relief as may be necessary, just, and proper.

                Respectfully Submitted,

                /s/William M. Clanton
                William M. Clanton
                Texas Bar No. 24049436

                Law Office of Bill Clanton, P.C.
                926 Chulie Dr.
                San Antonio, Texas 78216
                210 226 0800
                210 338 8660 fax
                bill@clantonlawoffice.com