IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § § | |
| *Plaintiff*, | § § | Civil Action No.: |
| v | § § | SA:20-cv-00205-OLG |
| Colonial Savings F.A., | § § § | |
| TransUnion, LLC | § § | |
| *Defendants*. | § § | |

Plaintiff's Amended Motion in Limine

_____

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Ann Marie Attridge, prior to the voir dire examination of the jury panel and out of presence and hearing of the panel, files Plaintiff's Motion in Limine.

Plaintiff seeks to exclude matters that are irrelevant, prejudicial, or improper to the material issues in this cause.

Should Defendant introduce these matters into the trial of this cause through a party, a witness, or an attorney, such introduction will cause irreparable harm to Plaintiff's case, which will not be cured by any jury instruction.

Plaintiff requests the Court to instruct counsel for Defendants that violation of any of these instructions may cause harm to Plaintiff and deprive Plaintiff of a fair and impartial trial, and the failure to abide by such instructions may constitute contempt of court.

Should any of these matters be brought to the attention of the jury, either directly or indirectly, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff urges that this Honorable Court consider, and grant Plaintiff's requests as stated herein.

Plaintiff requests that counsel for the Defendant Colonial, F.A., and through said counsel, all witnesses for the Defendant, be instructed by appropriate Order of this Honorable Court to refrain from making any interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside of the presence and hearing of all prospective Jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters, to-wit:

1. That no mention be made that this Motion has been filed or that any ruling has been made by the Court in response to this Motion, suggesting or inferring to the Jury that the Plaintiff has moved to

prohibit proof or that the Court has excluded proof of any particular matter.

Granted: _____    Denied: _____

Other: _____

2. Any testimony by the Defendant's experts concerning their discussions with another expert. See Fed. R. Evid. 801, 802; *United States v. Lockhart*, 844 F.3d 501 (5th Cir. 2016) (citing *Crawford v. Washinton*, 124 S. Ct. 1354 (2004) (forbidding introduction of testimonial hearsay as evidence in itself)).

Granted: _____    Denied: _____

Other: _____

3. Any evidence Defendants did not produce in discovery. Defendants should not be permitted to present any witness not disclosed in response to mandatory disclosures, discovery responses, or evidence requested by Plaintiff but not produced by Defendants. *Viasphere Int'l v. Vardanyan*, 2014 U.S. Dist. LEXIS 206583 (9th Cir. 2014). *Project Sentinel v. Komar*, 2020 U.S. Dist. LEXIS 119048 (9th Cir. 2020).

Granted: _____     Denied: _____

Other: _____

4. That other counsel be instructed by the Court to approach the bench before attempting to introduce evidence in any form which has been excluded by this motion.

   Granted: _____     Denied: _____

   Other: _____

5. Any attempt to elicit testimony from Plaintiff about communications with her lawyer. Such communications are privileged. Fed. R. Evid. 502.

   Granted: _____     Denied: _____

   Other: _____

6. Any attempt to elicit testimony from Plaintiff concerning settlement negotiations or agreements with any other party.

   Granted: _____     Denied: _____

   Other: _____

7. That there be no reference to the fact that at any time during discovery or otherwise, Plaintiff has invoked the attorney-client privilege, the attorney work-product privilege, the party communications privilege, or any other privileges in connection with this case.

    Granted: _____          Denied: _____

    Other: _____

8. That no mention be made that any verdict returned by the Jury would be subject to prejudgment or post-judgment interest.

    Granted: _____          Denied: _____

    Other: _____

9. Any attempt within the Jury's presence or hearing to seek or request Plaintiff's attorney to produce documents, to stipulate to any fact, or make any agreement.

    Granted: _____          Denied: _____

    Other: _____

10. Any testimony or argument suggesting or implying to the Jury that any party has made attempts or requests outside of the Jury's

presence for the Plaintiff's attorney to produce documents, stipulate to any fact, or to make any agreement.

Granted: _____    Denied: _____

Other: _____

11. Any matters stated in Plaintiff's or Defendant's pleadings that have been superseded by amendment, in that prior pleadings have no force or effect, and matters stated therein are irrelevant to these proceedings.

Granted: _____    Denied: _____

Other: _____

12. Any testimony from witnesses that were not disclosed in any party's 26(a) disclosures, discovery responses, or questioned in deposition.

Granted: _____    Denied: _____

Other: _____

13. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify, or not allowed, in any manner to testify in this case.

Granted: _____    Denied: _____

Other: _____

14. Any mention, suggestion or questioning of Plaintiff or Plaintiff's witnesses that relate to, accuse or impute any collateral source of payment to Plaintiff. Collateral source evidence is not admissible, and any such mention, suggestion or questioning would be incurably prejudicial even though objections were timely made and sustained.

    Granted: _____         Denied: _____

    Other: _____

15. Any testimony or argument suggesting or implying to the Jury that any party has made attempts or requests outside of the Jury's presence for the Plaintiff's attorney to produce documents, stipulate to any fact, or to make any agreement.

    Granted: _____         Denied: _____

    Other: _____

16. Any testimony or evidence regarding injuries Plaintiff suffered before the injuries that are subject of this lawsuit.

    Granted: _____         Denied: _____

    Other: _____

17. Any attempt to introduce into evidence, or elicit testimony on, any document or tangible thing until counsel for the Plaintiff has the opportunity to view the document or tangible thing outside the presence of the Jury.

    Granted: _____     Denied: _____

    Other: _____

18. Any reference to discovery activities in this case, specifically including, without limitation, the filing of motions to compel discovery, the assertion of objections to discovery, disputes about the timeliness of discovery responses the cost of discovery.

    Granted: _____     Denied: _____

    Other: _____

19. That the Defendants and their witnesses shall refrain from any mention or statement as to the ability of the other parties to pay any Judgment rendered in this cause of action or the effect that any such Judgment will have on the other parties, their employees or the public if any.

    Granted: _____     Denied: _____

Other: _____

20. Any statement to the Jury which tends to inform the Jury as to the effect of any answer which the Jury may make to a Jury question.

    Granted: _____    Denied: _____

    Other: _____

21. Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

    Granted: _____    Denied: _____

    Other: _____

22. Any testimony or argument concerning Plaintiff's attorney's fee agreement in this case.

    Granted: _____    Denied: _____

    Other: _____

23. Offering evidence or questioning any civil litigation of any Plaintiff, attorney or healthcare provider has been in, without showing of relevance.

Granted: _____        Denied: _____

Other: _____

24. Testimony, objections, or argument inconsistent with the Defendant's pleadings filed with the Court prior to the filing of this Motion; or referring to or regarding any alleged claims, affirmative defenses, or other issues or subject matter not expressly contained within the Defendant's pleadings filed with the Court prior to the filing of this Motion.

Granted: _____        Denied: _____

Other: _____

25. Objection to expert testimony by Dr. Kathleen Hands under Rule 403, and under *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518 (5th Cir. 1999). In accordance with this Court's order, Plaintiff herein includes additional objections to the Defense's experts in her pretrial motions. Dr. Hands wanders from her expertise and provides extraneous testimony without providing adequate basis for its admissibility. These meanderings are unduly prejudicial to Plaintiff and will taint the opinions of jurors and are not admissible. Under *Stearns* an expert's opinion grounded in an erroneous assumption of

law may be disregarded by this Court. *Id.* Here, Dr. Hands claims it is within her opinion that the filing of this lawsuit is erroneous, that by Plaintiff filing this lawsuit she is choosing to blame others for how she is feeling. Dr. Hand's bias is impossible to ignore. She believes Plaintiff blames others for her misgivings and that this lawsuit is unfounded. This erroneous legal conclusion will produce undue prejudice for Plaintiff, as jurors are likely to put more weight on her testimony given her title and position in society as a physician.

Further, Plaintiff objects to other statements by Dr. Hands pertaining to Ian Wilson's medical history under 801, and 402. These statements are irrelevant hearsay, as Mr. Wilsons' diagnosis has no relevance to this case. Dr. Hands learned of it only through inadmissible hearsay. Plaintiff asks this court to strictly limit, if not prohibit the testimony by Dr. Hands.

Granted: _____     Denied: _____

Other: _____

26. Objection to Dean Binder's Testimony, under Rule 403, 704, 602 and under *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518 (5th Cir. 1999). In accordance with this Court's order, Plaintiff herein

includes additional objections to the Defense's experts in her pretrial motions. Dean Binder's testimony is based entirely on an erroneous assumption of the law in the form of an improper legal opinion, allowing this testimony to be heard by a jury would be unduly prejudicial to Plaintiff. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (experts are not allowed to give legal conclusions). *Olson v. City of Burnet*, No. A-20-CV-00162-JRN- 2021 U.S. Dist. LEXIS 69851, at *7 (W.D. Tex. 2021) (citing Owen) (an expert's legal opinions are inadmissible). Binder states that failing to use the "Q" code does not constitute an FCRA violation. This inadmissible legal conclusion is an erroneous assumption of the law which Mr. Binder has based the entirety of his opinion that Colonial was not at fault in the incorrect bankruptcy reporting. Following the opinion in *Stearns*, this Court has the right to disregard Mr. Binder's testimony and should do so in the furtherance of fairness and justice, as allowing such flawed, mistaken testimony will bring unfair prejudice unto Plaintiff and her case. Additionally, Binders testimony should be inadmissible under Rule 602. Binder speculates as to the conduct of the credit bureaus who were not part of this erroneous reporting. Binder did not review any documents pertaining to these third

parties. He does not have personal knowledge as to these assertions and therefore should not be allowed to testify to them.

Granted: _____        Denied: _____

Other: _____

27. In accordance with this court's order, Plaintiff states her position that her objections to Defendant's expert were timely. The scheduling order in this cause states that objections to experts under Rule 702 were to be made within 14 days of the receipt of such report. Plaintiff did not bring any formal objections to Defendants experts under Rule 702. (Dkt. No. 12 ¶ 5). She however brings several objections in these motions in limine under different evidentiary rules. Fed. R. Civ. P. 26 provides that:

> "(B) Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—*except for one under*

*Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause.*" Fed. R. Civ. P. 26 (emphasis added).

Both objections to Defendant's experts are grounded in Rule 403, as is allowed by the Rules of Civil Procedure. Plaintiff's objections outside of Rule 702 will not cause undue delay or waste the court's time, instead they would help insure the furtherance of justice.

Granted: _____    Denied: _____

Other: _____

28. Any mention of other litigants who are no longer part of this cause and settlement agreements between parties that are or used to be litigants in this cause. Fed. R. Evid. 408.

    Granted: _____    Denied: _____

    Other: _____

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to instruct Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the Court's permission outside the presence and hearing of the jury, and

further instruct Defendants and all counsel to warn and caution each of their witnesses to follow the same instructions.

Dated: July 13, 2022                    Respectfully Submitted,

/s/William M. Clanton

William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210-226-0800
210-338-8660 fax
Bill@clantonlawoffice.com