IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § § | |
| *Plaintiff* | § § § § | Civil Action No.: |
| | | 5:20-cv-00205-OLG |
| V | § § § § § § | |
| Colonial Savings, F.A. and Trans Union, LLC | § § § | |
| *Defendant* | § § | |

Plaintiff's Objections to Defendant's Pre-Trial Filings

_____

Plaintiff and Defendant conferred concerning the below objections and Plaintiff is optimistic that further conferring will resolve them. In the meantime, per the Local Rules and the Court's order, Plaintiff files her objections to Defendant's Pre-Trial filings.

**Plaintiff's Objections to Defendant Proposed Stipulated Facts (Docket No. 60)**

1. Plaintiff objects to Defendants list of proposed stipulated facts under Federal Rule of Evidence 408. This rule bars the admissibility of compromise offers and negotiations.

2. Settlement agreements have historically been favored by courts in this country as they help expedite the litigation process and de-clutter dockets. It follows

then, that "most courts have deemed it against public policy to subject a party who has compromised a claim to the risk of admitting agreements between that party and a third party to compromise a claim in subsequent litigation arising out of the same transaction." 2 Weinstein's Federal Evidence § 408.04. *Hawthorne v. Eckerson Co.,* 77 F.2d 844,847 (2nd Cir. 1935) (settlement by defendant with passenger in plaintiff's car is not admissible). *Waverly Partners, LLC*, 2012 U.S. Dist. LEXIS 131916, at *7 (W.D.N.C. Sept. 17, 2012) (4th Cir. 2012) (Because Plaintiff's Title VII claim arose from the same operative set of facts as the instant claim, the Court shall adopt the position that Rule 408 bars the contemporaneous presentation of Plaintiff's Title VII settlement to the jury). *Scaramuzzo v. Glenmore Distilleries Co.*, 501 F.Supp. 727, 733 (N.D. Ill. 1980) (in action for breach of contract and violations of Age discrimination in employment act, related settlements could not be introduced; quoting Weinstein's).  "Even if the fact of the settlement is admissible for a purpose other than proof of liability, disclosure of the settlement amount may constitute a reversible error." *Id* at Weinstein's § 408.04. *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986) (Fed. R. Evid. 408 applies even if the evidence favors settling party and is objected to by party not involved in settlement). The Court should bar the admissibility of this proposed stipulated fact since it violates Rule 408 and precedent.

**Plaintiff's Objection to Defendants Proposed Statement of Claim (Docket No. 64)**

3. Defendants submitted their proposed statement of claims as Docket No. 64, this filing violated this court's local rules. The rules state that this "statement shall be no longer than ½ page with type double-spaced." Local Rule CV-16. Any statement that goes over this page limit should be struck by this Court.

**Plaintiff's Objection to Defendants Proposed Jury Charges (Docket No. 65)**

*The Majority Hold the FCRA Does Not Provide for Fault Allocation*

4. Defendant seeks an instruction on proportionate responsibility. The FCRA provides no fault allocation scheme. The FCRA states:

> "15 U.S.C. § 1681o – Civil Liability for Negligent Non-Compliance
>
> (a)   In general
>
> Any person who is negligent is failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
>
> (1)   Any actual damages sustained by the consumer as a result of the failure…" 15 U.S.C. § 1681o.

5. The FCRA does not provide for proportionate responsibility, offset, or any other fault allocation scheme. A 2010 opinion collecting cases held that in applying these factors, several courts have held that the FCRA does not provide an implicit right to contribution or indemnification. *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520-21 (W.D. Wash. 2006); *Kay v. First Cont'l Trading, Inc.*, 966 F. Supp. 753, 754-56 (N.D. Ill. 1997); *Cintron v. Savit Enters.*, No. 07-cv-04389(FLW), 2009 U.S. Dist. LEXIS 29813, 2009 WL 971406, at

*2-4 (D. N.J. Apr. 9, 2009). *Boatner v. Choicepoint Workplace Sols., Inc.*, No. CV 09-1502-MO, 2010 U.S. Dist. LEXIS 44264, at *5 (D. Or. 2010)

6. The *Zook* case, from 2018 collected more recent cases when is provided:

    "For these reasons, multiple courts have held that there is no equitable offset for causes of action under either the FCRA or FDCPA. See *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-CV-01422-ST, 2015 U.S. Dist. LEXIS 142280, 2015 WL 6163971, at *2 (D. Or. Oct. 20, 2015) ("Even if plaintiff sought duplicate damages, there is no express or implied right to an offset of amounts that plaintiff may have received in settlement from other FCRA defendants."); *McMillan v. Equifax Credit Information Services, Inc.*, 153 F.Supp.2d 129, 132 (D. Conn. 2001) (recognizing that "[c]ourts have found that the FCRA does not provide a right to indemnification"); *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1058 (N.D. Cal. 2000) (noting "the FDCPA provides very specific and articulated rights and remedies, leading one to conclude that if Congress had intended an explicit right to contribution or indemnity, it would have included it in the statute"); *Kay v. First Continental Trading, Inc.*, 966 F.Supp. 753, 754-55 (N.D. Ill. 1997) (holding that the FCRA contains no express provision for contribution); *Nelson, LLC*, 522 F.Supp.2d at 1239 (holding no offset is warranted by virtue of plaintiff's settlement with a co-defendant); see also *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 501 (4th Cir. 2007) (noting that "[a]rguably, the 'one satisfaction rule' [*6] does not even apply to FCRA claims"); but see *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 U.S. Dist. LEXIS 54845, 2017 WL 1331014, at *1 (N.D. Ala. Apr. 11, 2017) (finding that, although the FCRA does not contain a right to offset or contribution, the one satisfaction rule still applies)."

*Zook v. Equifax Info. Servs., LLC*, No. 3:17-cv-2003-YY, 2018 U.S. Dist. LEXIS 235786, at *5 (D. Or. 2018)

*The 11th Circuit's Minority View*

7. A small minority of courts recognize a fault allocation scheme under the FCRA. The most recent of these appears to be a district court in Illinois in *Hoerchler v. Equifax Info. Servs., LLC, 568 F. Supp. 3d 931 (N.D. Ill. 2021)*.

8. *Hoerchler* refers to the *BUC Int'l Corp. v. Int'l Yacht Council Ltd.,* 517 F.3d 1271 (11th Cir. 2008). The *BUC* line of cases includes a few in the 11th Circuit. BUC has been cited twice by the 5th, but never for the proposition that the FCRA has an unstated statutory damages allocation scheme.

9. When confronted with the opportunity allocate damages the court in the Western District of Missouri declined stating:

> "Experian has failed to convince the Court that the common-law rule of joint and several liability should not apply in this action. See *The Atlas*, 93 U.S. 302, 23 L. Ed. 863 (1876). Other circuits have recognized that general principles of tort liability apply to the FCRA. *See Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006) (determining that joint and several liability under the FCRA furthers the statute's consumer protection goals) overruled on other grounds by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). If the Court were to rule otherwise, it would be virtually impossible to recover damages when multiple credit reporting agencies were violating the FCRA in similar ways at the same time. That interpretation would be inconsistent with the

remedial purpose of the statute. Therefore, **Plaintiff is not required to allocate her emotional damages between the various credit reporting agencies.** Summary judgment is denied with regard to Plaintiff's emotional distress damages which were caused by Experian or which Experian contributed to cause."

*Campbell v. Experian Info. Sols., Inc.*, No. 08-4217-CV-C-NKL, 2009 U.S. Dist. LEXIS 106045, at *19-20 (W.D. Mo. 2009).

*Objection to Defendant's Proposed Fault Allocation Jury Instruction*

10. Against this background Plaintiff objects to Defendant's jury instructions number 18 and 19.

11. Adopting the minority view would insert into the FCRA language that Congress to not include. Had it intended to provide for any fault allocation scheme it could have. It simply does not provide for any right of offset, proportionate responsibility, or any other fault allocation scheme. This Court should not modify a remedial statute to limit its full force and effect.

*Objection to Defendant's Proposed Bona Fide Error Instruction*

12. Plaintiff expects to resolve this objection via conferring. Should it not, Plaintiff additionally object to Defendant's jury instructions number 16 and 17.

13. The Fair Credit Reporting Act does not provide for a bona fide error defense and a jury instruction on the same is improper. The cases cited by Defendant are Fair Debt Collection Practices Act cases and do not apply to Plaintiff's claim.

Dated: July 20, 2022            Respectfully Submitted,

*/s/William M. Clanton*
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

**Certificate of Conference**

I certify that today, I conferred via phone with Colonial's counsel Mark Cronenwett concerning the parties' pre-trial filings. We were unable to agree to removal of the amount of the confidential settlement with TransUnion from the proposed stipulation of fact, we agreed that bona fide error defense probably did not apply, and we were unable to agree to remove Colonial's proposed instructions on proportionate responsibility.

Signed July 20, 2022

                                            */s/William M. Clanton*
                                            William M. Clanton