<table>
<tr><td colspan="2">IN THE UNITED STATES DISTRICT COURT<br>FOR THE WESTERN DISTRICT OF TEXAS<br>SAN ANTONIO DIVISION</td><td><strong>FILED</strong><br>July 29, 2022<br><span style="font-size:small">CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS</span></td></tr>
</table>

| | | |
|---|---|---|
| **ANN MARIE ATTRIDGE,** | § | BY: _____ NM _____ |
| | § | DEPUTY |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:20-cv-00205-OLG** |
| | § | |
| **COLONIAL SAVINGS, F.A. and** | § | |
| **TRANSUNION, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT COLONIAL SAVINGS, F.A.'S BRIEF ON PROPORTIONATE RESPONSIBILITY

COMES NOW Defendant Colonial Savings, F.A. ("Colonial" or "Defendant"), and files this its Brief on Proportionate responsibility, and shows:

### BACKGROUND

Plaintiff Ann Marie Attridge ("Plaintiff") brings to trial a single cause of action, namely, that Colonial negligently violated the Fair Credit Reporting Act ("FCRA"). [ECF No. 14, pp.6-7].

Plaintiff alleges that Colonial, as a "furnisher" of credit reporting information under the FCRA, provided incorrect information to settling Defendant TransUnion, LLC ("TransUnion"), which as a Credit Reporting Agency under the FCRA reported it without allegedly having performed a reasonable investigation into the accuracy of this information. [ECF No. 14, pp.8-9].

For damages against Colonial, she seeks to recover money for "damages to her reputation, stress, fear, worry, distress, frustration humiliation, and embarrassment." [ECF No. 14, p.14, ¶39].

In her Complaint, Plaintiff sought the same exact damages from TransUnion for the same exact alleged injury.  [ECF No. 14, p.9, ¶51].  This makes sense because it is only the actual credit reporting done by TransUnion the supposedly caused Plaintiff's alleged injuries.  Colonial allegedly provided the incorrect information to TransUnion, and TransUnion then allegedly reported it.  Plaintiff does not allege separate and distinct injuries caused separately by Colonial and TransUnion.

Plaintiff settled with TransUnion.  Clearly, these settlement funds were paid to compensate Plaintiff for the alleged injuries she suffered.

Under Texas' proportionate responsibility structure, TransUnion would be included in the main liability question for the jury. Tex. Civ. Prac. & Rem. Code Ann. 33.003(a)(3).  Further, the amount of the settlement would be offset from whatever total compensation award the jury might give.  *Id.* § 33.012(b).  These provisions exist to prevent double-dipping by the Plaintiff.  Different defendants should not be required to both pay a Plaintiff for the same injury.

## ARGUMENT AND AUTHORTIES

The FCRA, itself, is silent on whether comparative fault provisions should apply.  *See FCRA*.

Colonial has not found any authorities on point by another federal court in the Fifth Circuit.  The sole Circuit Court of Appeals on the issue of joint liability under the FCRA comes from the Ninth Circuit.  *Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006) (determining that joint and several liability under the FCRA furthers the statute's consumer protection goals) (overruled on other grounds by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).  In *Reynolds*, a defendant argued that only one party could be sued for a violation of the FCRA. The Ninth Circuit disagreed, reasoning that multiple parties can play a role in a plaintiff's

suffering an injury due to wrongful credit reporting and therefore tort principles of joint and several liability apply.  While the Ninth Circuit in *Reynolds* did not go and discuss settlement credits or proportionate responsibility after that, it would necessarily follow that the plaintiff should not be permitted to recover the same damages from multiple parties.

United States District Judge Lanny King of the Western District of Kentucky, in an Order issued just two months ago, persuasively reasons that the federal courts have consistently applied the one satisfaction rule in federal claims to prevent a plaintiff from double or triple recovering damages for the same injury.  *Wellemeyer v. Trans Union, LLC*, No. 3:20-CV-00814-DJH-LLK, 2022 U.S. Dist. LEXIS 92890 *9-15 (W.D. Ky. May 24, 2022).  According to Judge King, the one satisfaction rule has historically been applied in tort cases, in the interest of justice, to allow a plaintiff only one recovery for damages sustained from tortious conduct and that different defendants should not be required to pay that same amount multiple times.  *Id.*  Further, Judge King noted that federal courts have treated FCRA claims for what they are, tort claims, and as such have applied tort principles to them.  Among the cases cited by Judge King come from the United States Supreme Court, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), which is an FCRA case that the Supreme Court treated as a tort case.  In *Spokeo*, the plaintiff argued that, as the FCRA is supposedly a statute meant to punish Furnishers and Credit Reporting Agencies, he did not need to suffer any actual harm to have standing to bring a claim under the FCRA.  The Supreme Court disagreed.  It applied principles of tort law to hold that a mere violation of the FCRA by a defendant does not allow the plaintiff to bring suit—the plaintiff must still have suffered an injury to have standing to bring the claim.

This same reasoning of Judge King, from within the 6th Circuit, has applied by several Federal District Court Judges (not just in the 11th Circuit, as Plaintiff suggests) to reach the

conclusion that comparative fault principles apply in FCRA cases to prevent double recoveries by the plaintiff. *See Robinson v. Nat'l Credit Sys., Inc*., No. 2:17-CV-386, 2018 U.S. Dist. LEXIS 65891, *9 (M.D. Fla. Apr. 19, 2018) (holding default of "comparative fault" was properly pled because plaintiff's FCRA claim sounded in tort as claim for negligence); *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 U.S. Dist. LEXIS 54845, (N.D. Ala. Apr. 11, 2017) (holding one satisfaction rule applies in FCRA cases); *Bruno v. Equifax Information Servs., Inc*., No. CV 2:17-0327 WBS EFB, 2017 U.S. Dist. LEXIS 102467, *7 (E.D. Cal. June 30, 2017) (holding comparative fault applies in FCRA cases); *Deaton v. Chevy Chase Bank*, No. 01-00352 SPK/BMK, 2006 U.S. Dist. LEXIS 118279 *17 (D. Haw. 2006) (holding contributory negligence applies in FCRA cases).

The Courts that have failed to apply comparative fault in FCRA cases take a too-narrow view of the statute. They simply reason that, because the FCRA does not specifically provide for it, then it does not exist. This is why Judge King's opinion is better-reasoned. He looks at the history of federal courts applying the one satisfaction rule in federal claim cases that are based in principles of tort. The one satisfaction rule is meant to prevent double dipping. The FCRA allows a plaintiff to recover losses for "actual damages" that are suffered, not to recover those same damages multiple times from different parties. Consider, for instance, if Experian and Equifax had also been sued in this case for the same credit reporting. All three of the Credit Reporting Agencies would be making the same report and all causing the same injury. Should Plaintiff be allowed to recover her alleged damages times four?

With respect to the settlement credit, Colonial does not intend to bring evidence of the settlement agreement before the jury. This credit would simply be provided by the Court in the event that damages may be awarded to Plaintiff in the verdict.

WHEREFORE, PREMISES CONSIDERED, Colonial prays that its request for a charge

of proportionate responsibility be given and that a settlement credit also be provided in the event

of a jury verdict in Plaintiff's favor.  Colonial seeks all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR DEFENDANT**
**COLONIAL SAVINGS, FA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, a true and correct copy of the foregoing was served
via ECF notification on the following counsel of record:

William M. Clanton
Law Office of Bill Clanton, PC
926 Chulie Drive
San Antonio, TX 78216
bill@clantonlawoffice.com

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**