IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANN MARIE ATTRIDGE, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 5:20-cv-00205-OLG |
| § | |
| COLONIAL SAVINGS, F.A. and § | |
| TRANSUNION, LLC, § | |
| § | |
| Defendant. § | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF STANDING**

Defendant Colonial Savings, F.A. ("Colonial" or "Defendant") files this its Reply in Support of its Motion to Dismiss for Lack of Standing ("the Motion") and shows as follows:

**I.**

***A.  Alleged publication to third party that Plaintiff had filed bankruptcy does not give her standing.***

Plaintiff Ann Marie Attridge ("Plaintiff") in her Response to the Motion argues that the publication of incorrect information on a credit report to a third party automatically constitutes an injury that gives the plaintiff constitutional standing. *See Response, pp.6-8.*  Plaintiff relies upon the holding in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), for her argument.  But the credit reporting at issue in *Ramirez* was fundamentally different than the credit reporting at issue in the instant case.  In *Ramirez,* the plaintiffs complained about reports that they were on a list maintained by the U.S. Treasury Department's Office of Foreign Assets Control (OFAC) of terrorists, drug traffickers, and other serious criminals.  *Id.* at 2197.  Plaintiff here is only complaining that Defendant was at fault in reporting that she had received a Chapter 7 discharge. *See Plaintiff's First Amended Complaint.*

According to the Supreme Court in *Ramirez*, courts are to consider the law on defamation in determining whether an FCRA plaintiff who claims mental anguish has suffered a sufficient injury to have standing to sue. *Ramirez*, 141 S.Ct. at 2208-09. The elements for a claim of defamation are the publication of a false statement to a third party and that this publication proximately caused damages to the plaintiff. *Brown v. Petrolite Corp.*, 965 F.2d 38, 43 (5th Cir. 1992). Under defamation law, some statements that are especially offensive are considered defamatory *per se*. For these statements, damages are presumed. *Klocke v. Watson*, 2021 U.S. App. LEXIS 36482, *18-19 (5th Cir. Dec. 10, 2021). Otherwise, defamatory statements are defamatory *per quod*, which requires the plaintiff to prove that damages were actually suffered to be able to recover from the defendant. *Id.* For these statements, the plaintiff must allege that he or she suffered compensable damages as a proximate result of the defendant's published statement to a third party to have standing to sue. *Id.* Otherwise, the plaintiff lacks standing. *Id.*; *see Pruitt v. Resurgent Cap. Servs., LP*, No. JKB-21-2615, 2022 U.S. Dist. LEXIS 121057, *17-18 (D. Md. July 7, 2022).

A false statement that an individual filed bankruptcy is not defamatory *per se*. *See Shipp v. Malouf*, 439 S.W.3d 432, 440-41 (Tex. App.—Dallas 2014, pet. denied). For a defamatory statement to constitute defamation *per se*, it must fall within one of four categories: (1) imputation of a crime, (2) imputation of a loathsome disease, (3) injury to a person's office, business, profession, or calling, and (4) imputation of sexual misconduct. *Villasenor v. Villasenor*, 911 S.W.2d 411, 418 (Tex. App.—San Antonio 1995, no writ); *see also Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013). A statement that an individual filed bankruptcy does not fit this standard and is thus not defamatory *per se*. *Shipp,* 439 S.W.3d at 441. Because this type of statement is not defamatory *per se*, it is defamatory *per quod* and the plaintiff must show

actual damages to recover on a defamation claim.  *Hancock*, 400 S.W.3d at 64.  Here, Plaintiff does not have any damages as a result of this alleged credit reporting.  She was not denied a job offer, a credit application, or anything else.  She thus has not suffered an injury that would give her constitutional standing to sue.

In *TransUnion* the complained-of credit reporting was that third parties had been told that the plaintiffs were on OFAC's list of terrorists, drug dealers and criminals.  As such, those statements would be considered defamatory *per se*.  *See, e.g., Salinas v. Salinas,* 365 S.W.3d 318, 319 (Tex. 2012) (per curiam) (discussing a defamation claim in which defendant accused plaintiff of being "a drug dealer and a corrupt politician," who had "stolen and lied and killed"); *Bentley v. Bunton,* 94 S.W.3d 561, 569 (Tex. 2001) (discussing public official's defamation action based on plaintiff'' statement that "y'all are corrupt, y'all are the criminals, [and] y'all are the ones that oughta be in jail"); *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 374 (Tex. 1984) (holding that a letter's explicit accusation that plaintiff "committ[ed] a criminal act by attempting to conspire . . . to file fraudulent insurance claims" was textually defamatory and libelous per se).  Because those statements are defamatory *per se*, the Supreme Court found that the publication to third parties was enough to establish standing for an FCRA claim.  *See TransUnion*, 141 S.Ct. at 2208-09.[1]

The claim that Colonial caused a credit report to go out that she had received a Chapter 7 discharge is not defamatory *per se*.  *Pippen v. NBCUniversal Media, LLC,* 734 F.3d 610, 613 (7th Cir. 2013) (published statement that retired NBA player Scottie Pippen had filed bankruptcy was not defamation *per se*).  Therefore, the Supreme Court's holding in *TransUnion* that the

---

[1] The Court in *TransUnion* in this holding did not use the phrase "per se".  But it clearly utilized this principle in citing to defamation cases where the complained-of statement is one "that would subject him to hatred, contempt, or ridicule".  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

plaintiffs in that case had standing to sue because these third parties were told that they were on an OFAC list of terrorists, drug dealers and criminals, is not applicable here. And as Plaintiff here has not shown that she suffered an actual injury, she lacks standing to sue.

### B. *Nominal damages do not provide constitutional standing.*

The Supreme Court in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021), held that a plaintiff must have suffered an injury in fact to have standing to bring a claim under Article III of the United States Constitution. *Id.* at 797. In the FCRA context, when the plaintiff is alleging that he or she incurred lost expenses to show that injury in fact, that injury must be significant. For instance, allegations that postage stamps had to be purchased are not enough to establish standing. *Reimer v. LexisNexis Risk Sols., Inc*., No. 3:22-cv-153-DJN, 2022 U.S. Dist. LEXIS 165824, 2022 WL 4227231, at *8 (E.D. Va. Sept. 13, 2022)[2]. Here, Plaintiff does not even plead that she incurred expenses to address the issue. *See Plaintiff's First Amended Complaint.*

With respect to allegations of lost time, Plaintiff has not alleged that she actually lost any employment or other pecuniary-gaining opportunities. Therefore, these allegations do not give her standing. *See Milisavljevic v. Midland Credit Mgmt., LLC*, 581 F. Supp. 3d 1020, 1027 (N.D. Ill. 2022) (finding that a plaintiff's general allegation of economic harm was insufficient for Article III standing because plaintiff does not allege that he expended time that would have otherwise gone to gainful employment); *Slyzko v. Equifax Info. Servs. LLC*, No. 2:19-cv-00176-JAD-EJY, 2020 U.S. Dist. LEXIS 52265 *28, 2020 WL 1433518 (D. Nev. Mar. 23, 2020) (holding that FCRA does not permit recovery for mere time spent addressing alleged incorrect credit reporting).

For allegations of mental anguish, the plaintiff must still establish a particularized injury

---

[2] *Luken v. Lynaugh*, No. 95-20156, 1996 U.S. App. LEXIS 42731 (5th Cir. 1996) (award of $200 deemed nominal damages).

to have standing to bring a claim. Plaintiff here suffered no actual harm and just asserts a hyper-sensitive allegation of mental anguish. This is not enough of an injury to meet the Article III requirement for standing. *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 824-25 (5th Cir. 2022) (holding that mere confusion, not tied to an actual pecuniary loss, is insufficient to meet the injury-in-fact requirement of Article III); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); *Laufer v. Arpan LLC*, 29 F.4th 1268, 1272 (11th Cir. 2022) (holding that "frustration and humiliation" were not sufficiently similar analogues to intentional or negligent infliction of emotional distress); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (holding that "stress and confusion," "frustration," and worry were insufficient for standing); *Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2022 U.S. Dist. LEXIS 43518, 2022 WL 744031, at *9 (S.D.N.Y. Mar. 11, 2022).

Plaintiff cites pre-*TransUnion* decisions for holding that mere allegations of mental anguish are enough to meet the Article III standard to have standing. *See Response, pp.11-12*. The Fifth Circuit in *Perez*, however, wrote that those cases are no longer good law. To quote the Court:

> True, we have previously held that a plaintiff's "expos[ure] . . . to a real risk of financial harm" caused by an FDCPA violation can qualify as a concrete injury-in-fact in a suit for damages. *See Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017), *aff'g* 206 F. Supp. 3d 1210 (S.D. Miss. 2016) (awarding damages to the plaintiff). But that case predated *TransUnion* by nearly four years, and we aren't bound by panel opinions that the Supreme Court has "implicitly overruled." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (quotation omitted). One way that can happen is "if a subsequent Supreme Court opinion establishes a rule of law inconsistent with [our] precedent." *Id*. (quotation omitted). *Sayles* can't be squared with *TransUnion*, so *TransUnion* controls.

*Perez*, 45 F.4th at 824 (emphasis added).

The reality is that *TransUnion* and *Perez* changed the analysis for standing for FCRA cases. It is not enough any longer just to say that an allegation of a breach of the statute gives the

plaintiff standing.  Further, it is no longer enough to claim some mental anguish due to alleged embarrassment that is unconnected to an actual pecuniary loss.  Plaintiff in this case does not have Article III standing.  She complains about credit reporting that resulted in no loss to her.  The only third party who supposedly saw it was a potential employer, who proceeded to hire her once it was explained to them that Plaintiff had not filed bankruptcy.  While Plaintiff claims a hypersensitivity to feeling embarrassed that others might think she filed bankruptcy, that is not an injury in fact as required by Article III.  The United States Supreme Court in *TransUnion* says that the Court should look to the law of defamation in considering whether mental anguish is recoverable as an injury in an FCRA case.  Under the law of defamation, a complaint that someone published a false statement that the plaintiff had filed bankruptcy is not defamatory *per se*.  Accordingly, the plaintiff must show an actual injury to be able to recover, and Plaintiff cannot do that here.

WHEREFORE, PREMISES CONSIDERED, Colonial asks that its Motion to Dismiss be granted and that Plaintiff's claims be dismissed for want of jurisdiction.  Colonial requests all other relief to which it may be entitled.

    Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR DEFENDANT COLONIAL SAVINGS, FA**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2023, a true and correct copy of the foregoing was served via ECF notification on the following counsel of record:

William M. Clanton
Law Office of Bill Clanton, PC
926 Chulie Drive
San Antonio, TX 78216
210-226-0800
210-338-8660 FAX
bill@clantonlawoffice.com

                                    */s/ Mark D. Cronenwett*
                                    **MARK D. CRONENWETT**