IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § § | |
| *Plaintiff* | § § § § | Civil Action No.: |
| | § | 5:20-cv-00205-OLG |
| *versus* | § § § § § | |
| Colonial Savings F.A., & TransUnion, LLC | § § § § | |
| *Defendants* | § § | |

Plaintiff's Sur-Reply to Defendant's Motion to Dismiss for Lack of Standing

---

Repeated dissemination of incorrect information by Colonial Savings F.A. ("Colonial") unquestionably confers Article III standing for Plaintiff to pursue her claims in this matter. Plaintiff has pleaded and provided sufficient evidence to proceed to trial and show that she has suffered concrete, particularized, and actual harm as defined by the United States Supreme Court.

Defamation *per se* is not a requirement to establish Article III standing under the FCRA.

1. In the eleventh hour of this matter, Defendant contests the adequacy of Plaintiff's pleadings relating to the concrete harms alleged.

2. Defendant's Reply relies on the distinction between defamation *per se* and defamation *per quod*. However, Defendant acknowledges that the Supreme Court

in Ramirez does not require this standard be met in the pursuit of a claim for damages caused by a defendant's violation of the FCRA. Docket No. 93, n. 1.

3. Defendant acknowledges that "[t]he elements for a claim of defamation are the publication of a false statement to a third party and that this publication proximately caused damages to the plaintiff." Docket No. 93, ¶ 3. It cites Texas law in saying that a good dentist can be a bad businessperson and not suffer reputational harm for being falsely called bankrupt. *Shipp v. Malouf*, 439 S.W.3d 432, 441 (Tex. App. – Dallas 2014, pet. denied). As well as a 7th Circuit case explaining that calling former NBA player Scottie Pippen bankrupt did not constitute defamation. *Pippen v. NBCUniversal Media,* LLC, 734 F.3d 610, 613 (7th Cir. 2013).

4. Additionally, Defendant's original Motion to Dismiss for Lack of Standing stated, "for an injury to be concrete, the Supreme Court has 'emphasized repeatedly' that it 'must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to [herself] that is distinct and palpable, as opposed to merely abstract." Docket No. 89, p. 6 (*quoting Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) (internal citations and quotations omitted)).

5. *Malouf* explains when false information is defamation:

> "These cases illustrate the principle stated in Hancock— to be defamatory per se, the words must adversely affect the plaintiff's fitness for the proper conduct of his business, trade, or profession. The words must touch the

> plaintiff in a way harmful to one engaged in his particular business or profession. A merchant or building contractor will be touched in their profession by a false statement of bankruptcy, but not necessarily others. Thus we reject Malouf's argument that a false charge of bankruptcy is always defamation per se.
>
> *Shipp v. Malouf*, 439 S.W.3d 432, 441 (Tex. App.—Dallas 2014, pet. denied) [internal citations omitted]

6. Here, Ann Attridge made a declaration wherein she explains that she spent her career as a mortgage loan officer. *See* Docket No. 40-1. More than a merchant, she is a banking professional. She has had substantial training in compliance. She holds an NMLS license. For someone to say that her mortgage was included in bankruptcy goes to the heart of who she is and what she does. It touches on her in a way easily considered harmful to her profession.

## Hypersensitive or not, Colonial takes Attridge as Found

7. Defendant does not contest that it repeatedly provided TransUnion with inaccurate information relating to Plaintiff. Defendant admits that its organizational and procedural lapses caused TransUnion to disseminate and publish these inaccuracies to third-party businesses.

8. Defendant's evaluation of Plaintiff's damages concludes that Plaintiff has is hypersensitive. It claims "a hypersensitive allegation of mental anguish" (Docket No. 93, ¶ 9) or "hypersensitivity to feeling embarrassed that others might think she filed bankruptcy" (Docket No. 93, ¶ 11).

9. Defendant, therefore, implies that even though it repeatedly violated the FCRA, Plaintiff has not suffered concrete harms—harms that may be "difficult to prove or measure" (*Spokeo,* 578 U.S. at 341)—and that Defendant does not believe Plaintiff has suffered an "actual injury" (Docket No. 93, ¶ 11). Fortunately, as this Court has previously held, this determination remains in the hands of a jury, not Defendant. (*See* Docket No. 51, § III(A-B)). If Defendant is correct and Plaintiff is unusually sensitive even to the point of being hypersensitive to being called bankrupt, in 5th Circuit a Defendant takes a Plaintiff as found—with no limitation. *Koch v. United States*, 857 F.3d 267, 274 (5th Cir. 2017).

10. Attridge has suffered multiple violations of her legally protected interests. These repeated violations have caused her concrete, particularized, and actual harm that is neither conjectural nor hypothetical. Thus, the Court must deny Colonial Savings F.A.'s Motion to Dismiss for Lack of Standing.

Dated: January 27, 2023              Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Phone: (210) 226-0800
Fax: (210) 338-8660
Email: bill@clantonlawoffice.com