IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § § § § § | |
| *Plaintiff*, | | |
| v. | § § § | Civil Action No. 5:20-CV-00205 |
| Colonial Savings F.A. and | § § | |
| Transunion, LLC, | § § § | |
| *Defendants*. | § | |

Plaintiff's Response to Defendant's Motion for Continuance of Trial

_____

A motion for continuance should identify the witness and when the witness is anticipated to be available to testify at trial. Defendant's motion does not. Based on counsel's conference this witness is one that was not disclosed until after the close of discovery. Will this Court continue a fourth trial setting based on the absence of an undisclosed witness?

History of Continuances in This Case

1. Plaintiff filed her original petition in this matter on February 20, 2020. *See* Dkt. No. 1.

2. On June 8, 2020 the Court issued a Scheduling Order setting trial for

    June 21, 2021. *See* Dkt. No. 12.

3. On August 26, 2020 a Joint Motion for Extension of Discovery, Mediation and Dispositive Motions Deadlines was filed. *See* Dkt. No. 20. The Court granted the motion on August 27, 2020 and reset the trial for August 23, 2021. *See* Dkt. No. 22.

4. On November 10, 2020 a Joint Motion for Second Extension of Discovery, Mediation and Dispositive Motions Deadlines was filed. *See* Dkt. No. 28. On November 12, 2020 the Court granted the joint motion and the trial was set for October 25, 2021. *See* Dkt. No. 29.

5. On October 6, 2021 the Court issued an Order Vacating Jury Selection/Trial and Pretrial Conference until further notice from the Court. *See* Dkt. No. 50.

6. On April 5, 2022 the Court issued an Order Setting Jury Selection/Trial and Pretrial Conference on August 8, 2022. *See* Dkt. No. 56.  Following a pre-trial conference on July 27, 2022, the Court vacated the August 8, 2022 setting and on October 26, 2022 the Court Issued an Order Setting Jury Selection/Trial for January 9, 2023. *See* Dkt. No. 87.

7. On January 4, 2023 in response to Defendant's 11th hour motion to dismiss, the Court issued an Order Resetting Jury Selection/Trial for March 13, 2023. *See* Dkt. No. 91.

8. On January 5, 2023 after input from the parties, the Court revised its order to continue Jury Selection/Trial from April 3, 2023.

9. On January 9, 2023 when the trial date was vacated and subsequently reset for April 3, 2023, Defendant's counsel had ample time to confer with their client and potential witnesses, and subsequently notify the Court of any issues with the dates proposed by the Court. The Defendant never notified the Court of any issue with the dates offered or with their witnesses' potential conflicts.

### Defendant's Unavailable Witness

10. Defendant, Colonial Savings F.A. notified Plaintiff's counsel via email on February 14, 2023 that one of their witnesses, Jane Larkin, would be traveling during the trial date ordered by the Court after receiving input from the parties.

11. Jane Larkin was never disclosed as required by in the Colonial's Rule 26(a)(1) disclosures. *See* Exhibit A. Defendant never supplements or amended these disclosures. Jane Larkin was unknown to Plaintiff until after discovery had closed and she was named in Defendant's witness list on July 13, 2022. *See* Dkt. No. 58.

12. In Docket No. 88 the Court granted both Plaintiff and Defendant's motions in limine. Paragraph 3 of Plaintiff's motion excludes any

witness "not disclosed in response to mandatory disclosures, discovery responses, or evidence requested by Plaintiff but not produced by Defendants." Per the Court's order, Larkin would not be able to testify even if she was available.

13. Further, Fed. R. Civ. P. 37(c)(1) states that if a party fails to disclose or supplement disclosures identifying witnesses under Fed. R. Civ. P. 26(a) or (e), the party is barred from using "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless."

Reasonable Alternative to Larkin

14. Prior to Jane Larkin being identified as a witness on the Defendant's Trial Witness List filed on July 13, 2022 (*see* Dkt. No. 58 §I(1)), the Defendant relied on Jessica Craig as a key witness via declaration that was filed in support of their Motion for Summary Judgment that was filed on June 21, 2021 (*See* Dkt. No. 38-1).

15. In the declaration, Jessica Craig identifies herself as 'being familiar with the business records maintained by Colonial for the purpose of originating mortgage loans, servicing mortgage loans, collecting payments and pursuing foreclosure when necessary.' *Id.* at ¶ 2.

16. Jessica Craig was relied upon to support up the Defendant's motion

for summary judgment. She is also more than qualified to handle any necessary testimony related to the trial and related issues at hand.

## Defendant's Motion is Insufficient and Must be Denied

17. District courts enjoy "exceedingly wide" discretion in granting or denying a motion for continuance. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986). And a court's decision to deny a motion to continue will only be overturned on appeal upon the showing of an abuse of discretion. *Id.*

18. Upon moving for a continuance based on the unavailability of a witness, the party should identify the witness for the Court.

19. A party should move for continuance of trial when a witness is unavailable for trial and proceeding to trial without the witness would result in substantial prejudice to the party. *See Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989); *see also Mraovic v. Elgin, Joliet, & E. Ry.,* 897 F.2d 268 (7th Cir. 1990).

20. Colonial has not shown such prejudice, and in fact, its motion fails to mention the name of the witness who had booked a vacation out of the country.

21. If a witness is unavailable for trial, a motion for continuance should state not only why the witness is unavailable to testify, but also when

the witness is anticipated to be available to testify at trial. *See Command-Aire Corp. v. Ontario Mech. Sales & Serv.,* 963 F.2d 90, 96 (5th Cir. 1992).

22. Defendant's motion identifies why its witness will be unavailable, but does not include a date when the witness is anticipated to be available to testify at trial.

23. A motion for continuance of trial must illustrate that the witness who is unavailable to testify during trial is material to the party's case and the party moving for continuance must provide a description of the expected testimony that the witness will offer. *See Gardner v. Federated Dept. Stores,* 907 F.2d 1348, 1354 (2d Cir. 1990); *see also Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158-59 (5th Cir. 1985).

24. Defendant did not offer this information.

25. Like *Command-Aire Corp.* and *Johnston*, Defendant's have failed to show that they cannot "present their case[] despite the absence of… parties who, while certainly important, [are] not integral to the litigation's ongoing viability." *Johnson v. Potter,* 364 Fed. Appx. 159, 163 (5th Cir. 2010).

26. Finally, Defendant's Motion must show that it has diligently tried to procure the testimony of its unavailable witness. *See, e.g., Havee v.*

*Belk*, 775 F.2d 1209, 1223 (4th Cir. 1985) (finding that denial of motion for continuance was not an abuse of discretion after plaintiff had over a year to prepare its case for trial and at least three extensions to conduct discovery).

27. Defendant's Motion does not indicate that it has sought alternative means to acquiring its unavailable witness's testimony, to date.

## Conclusion

28. Plaintiff prays the Court denies the Defendant's Motion for Continuance of Trial and that that trial proceeds as scheduled on April 3, 2023.

                                Respectfully Submitted,

                                /s/William M. Clanton
                                William M. Clanton
                                Texas Bar No. 24049436

                                Law Office of Bill Clanton, P.C.
                                926 Chulie Dr.
                                San Antonio, Texas 78216
                                210 226 0800
                                210 338 8660 fax
                                bill@clantonlawoffice.com