IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANN MARIE ATTRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:20-cv-00205-OLG |
| | § | |
| COLONIAL SAVINGS F.A. and | § | |
| TRANSUNION, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL**

Defendant Colonial Savings, F.A. ("Defendant") files this its Reply in Support of Motion for Continuance of Trial and respectfully show the Court as follows:

**I.**

Defendant properly identified Jane Larkin as its corporate-representative trial witness.

According to the Federal Rules of Civil Procedure, parties must provide "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises . . ." prior to trial. Fed. R. Civ. P. 26(a)(3)(A)(i).

A fact witness who is timely disclosed a trial witness per the deadline in the Court's Scheduling Order is timely and properly identified. *Smith v. Yamaha Motor Co.*, No. 5:06CV90, 2007 U.S. Dist. LEXIS 102408 **6-7 (E.D. Tex. March 24, 2007). Defendant timely identified Ms. Larkin in its Designation of Trial Witnesses filed on July 13, 2022. [ECF No. 58]. Plaintiff has offered no complaint about this designation since it was made seven months ago.

Further, a corporation's identifying of an unnamed-at-the-time corporate representative in its initial disclosures preserves the corporation's right to specify that person later in its

designation of trial witnesses. *See Jones v. RealPage, Inc.,* No. 3:19-CV-2087-B, 2020 U.S. Dist. LEXIS 193404 *7-11 (N.D. Tex. 2020). Plaintiff here did not request a Rule 30(b)(6) deposition of Defendant's corporate representative. As the Court noted in *Jones*, any purported prejudice by not specifying a name for the corporate representative could have been resolved by a Rule 30(b)(6) deposition. *Id.*

While Jessica Craig signed a declaration in this case previously, she no longer works for Defendant and thus is not available to be the corporate representative.

Defendant's undersigned counsel should have confirmed Ms. Larkin's availability for trial when the parties recently discussed a new trial setting. Defendant is not requesting any other accommodation than to have the trial once Ms. Larkin returns from her overseas vacation that is already paid for.

When the undersigned was made aware by Ms. Larkin of the scheduling conflict, he conferred with Plaintiff's counsel. Plaintiff's counsel asked for proof of the pre-purchased tickets, which the undersigned provided. The tickets show that Ms. Larkin returns from her trip on April 10, 2023. The week of May 1, 2023 could be an alternative date.

In the alternative, if the Court decided to keep the current trial setting, Defendant would request leave to identify a substitute corporate-representative trial witness.

WHEREFORE, for good cause shown, Defendant hereby moves this Honorable Court for a Continuance of the Final Pre-Trial and Trial dates presently scheduled in the above captioned until a suitable later date chosen by the Court. Alternatively, Defendant asks to substitute an alternative corporate representative for trial. Defendant ask for all other relief to which it may be entitled.

Respectfully submitted,

By: /s/ Mark D. Cronenwett
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR DEFENDANT
COLONIAL SAVINGS, FA**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing was served via ECF notification on the following counsel of record:

William M. Clanton
Law Office of Bill Clanton, PC
926 Chulie Drive
San Antonio, TX 78216
210-226-0800
210-338-8660 FAX
bill@clantonlawoffice.com

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**