IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ann Marie Attridge | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:20-cv-00205-OLG |
| | § | |
| v | § | |
| | § | |
| Colonial Savings, F.A. and | § | |
| Trans Union, LLC | § | |
| *Defendants* | § | |
| | § | |
| | § | |

Plaintiff's Motion to Reconsider Dkt. No. 99 Order Dismissing Case for Lack of Subject Matter Jurisdiction and Memorandum in Support

_____

**Introduction and Summary**

Plaintiff moves this Court to reconsider the portion of its September 28, 2023, Memorandum Opinion and Order (Doc. 99) (hereinafter "the Opinion") dismissing this case for lack of subject-matter jurisdiction on the basis that plaintiff's emotional distress damages were insufficient to establish concrete injury under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). As shown below, *TransUnion* itself recognized that materialized emotional distress can create such concrete injury, and the Opinion's rejection of that Supreme Court ruling and its failure to adhere to the same conclusion in *Perez v. McCreary, Veselka, Bragg*

*& Allen, P.C.*, 45 F.4th 816 (5th Cir. 2022), constitute manifest legal error warranting relief under Rule 59(e).

Furthermore, this Court's earlier Order of December 8, 2021 (Doc. 51) denied defendant's motion for summary judgment claiming that plaintiff suffered no actual damages, and expressly held that plaintiff presented sufficient "evidence of her mental distress to present a genuine issue of material fact to be presented to the jury." (Doc. 51, p. 13). This Court's own finding confirms plaintiff's standing here and mandates reinstatement of this case.

**Argument of Law**

    **A. The Opinion rejects binding legal precedent and must therefore be reconsidered.**

Rule 59(e) provides for reconsideration of a judgment that is founded on a "manifest error of law." *See e.g. In re Deepwater Horizon*, 785 F.3d 986, 991–92 (5th Cir. 2015). The Opinion qualifies for such treatment because it misapplied the applicable ruling in *TransUnion* when it misread footnote 7 to conclude that the Supreme Court "took 'no position on whether or how such an emotional or psychological harm could suffice for Article III purposes.'" (Doc. 99, p. 9). The Opinion misread footnote 7 because its reference to "**such**" emotional or psychological harm was specifically discussing only the risk of future harm, not the already-materialized harm

presented in this case. 141 S. Ct. at 2210-11 (emphasis added). The sentence attached to footnote 7 stated that "the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.* (emphasis in original).  And the sentence preceding the "no position" language in the footnote states in full: "For example, a plaintiff's knowledge that he or she is exposed to a risk of future physical, monetary, or reputational harm could cause its own *current* emotional or psychological harm." *Id.* (emphasis added).

The Plaintiff's evidence of emotional distress does not relate at all to future harm and instead pertains exclusively to her damages suffered concurrently with and proximately caused by defendant's false credit reporting, as the Court's earlier summary judgment Order clearly explains. In contrast to the conditions posited by the Supreme Court in its footnote 7 discussion, plaintiff is not complaining of "the mere risk of future harm, standing alone," and the Opinion's interpretation of footnote 7 to categorically deny plaintiff jurisdiction to redress her emotional distress injury that had materialized before she filed suit is objectively erroneous.

Significantly, the Fifth Circuit has confirmed plaintiff's position as to the limitation of *TransUnion* in the following extended excerpt from *Perez*:

>   *Second*, Perez maintains that MVBA's letter subjected her to a material risk of financial harm and that that exposure qualifies as a concrete injury. Specifically, Perez claims that her receipt of the letter subjected her to a risk that she might accidentally pay her time-barred debts. This theory, too, is foreclosed by *TransUnion*. Remember: A plaintiff always must be able to point to a concrete injury to bring suit. And if a risk hasn't materialized, the plaintiff hasn't yet been injured. *TransUnion* held that merely being subjected to a risk of future harm cannot support a suit for damages. 141 S. Ct. at 2210–11. A plaintiff can sue for damages if the risk materializes or causes a separate injury-in-fact, such as emotional distress. *Id.* But those are suits based on those injuries, not the risk itself. *Id.*

45 F.4th at 824.[1]

The Opinion's reliance on footnote 7 of *TransUnion* to find plaintiff's claims of harm insufficient is misplaced and legally erroneous. The Supreme Court's restriction of concrete injury – to the context of future harm that may or may not materialize – cannot apply to this case where the plaintiff's damages accrued before she filed this litigation. The Opinion's citation to footnote 7 as the foundation of its holding is precisely the type of manifest error of law that requires reconsideration.

---

[1] The Fifth Circuit had reached the same conclusion under pre-*TransUnion* law that "emotional harm satisfies the 'injury in fact' requirement of constitutional standing." *Rideau v. Keller Indep. Sch. Dist.,* 819 F.3d 155, 168-69 (5th Cir. 2016).

### B. Substantial emotional distress recognized by federal jurisprudence to support an award of actual damages is concrete injury that confers Article III jurisdiction.

The Opinion summarily dismissed without analysis the ruling in *Perez* that a "plaintiff can sue for damages if the risk materializes or causes a separate injury-in-fact, such as emotional distress," with a single conclusory declaration that the "statement was dicta." Notwithstanding this rejection of the teaching of the Fifth Circuit on the precise question presented here, what is particularly important is that the statement cannot be ignored as dicta. The purported dictum is actually the *Perez* Court's essential reasoning on the proposition presented and decided: materialized distress. Accordingly, this statement is not the type of gratuitous observation that can be rejected as *obiter dictum* but shows that the *Perez* panel made the statement after careful deliberation in support of its own reasoning to resolve the standing question before it. The Fifth Circuit has expressly held that such elucidation of an opinion's reasoning is not dictum. *Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 47 F.4th 408, 420 n.3 (5th Cir. 2022) ("A statement is not dictum if it…constitutes an explication of the governing rules of law."); *see also, Autobahn Imports, L.P. v. Jaguar Land Rover N. Am., L.L.C.*, 896 F.3d 340, 346 (5th Cir. 2018). The Opinion's disregard and summary dismissal of the *Perez* precedent is accordingly a manifest error of law that requires reconsideration.

Apart from the Opinion's error in rejecting binding Circuit authority is the fact that contemporaneous emotional distress proximately caused by a statutory violation can qualify as Article III concrete injury. Courts agree that tenuous, conclusory allegations of emotional distress do not rise to that level. *See, e.g., Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022). But the type of severe emotional distress that this Court already held could support a jury's award of compensatory damages here is the type of concrete and particularized harm that confers Article III standing. This conclusion was confirmed by the Eleventh Circuit when it applied this rule to another credit reporting case, also involving a misreported bankruptcy, and concluded that the emotional distress claim was supported by "sufficient evidence both to establish injury for Article III standing purposes, and to raise a jury question about damages on the merits." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

C. **The earlier summary judgment order here confirms the quantum of evidence necessary for Attridge to sustain standing.**

This Court's summary judgment Order of December 8, 2021 (Doc. 51, pp. 11-13), correctly establishes that plaintiff has introduced legally sufficient evidence to support a jury's award of actual emotional distress damages under the exacting federal standard, citing, *inter alia*, *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001). Since that quantum of

evidence necessarily also establishes Article III standing, plaintiff need add nothing more to demonstrate that reconsideration is warranted, and that plaintiff has established her standing to pursue this litigation. Indeed, this Court's earlier summary judgment ruling controls the identical issue here in the Article III setting pursuant to the law of the case doctrine. *See, e.g., Agostini v. Felton*, 521 U.S. 203, 236, 117 S. Ct. 1997 (1997) ("Under this doctrine, a court should not reopen issues decided in earlier stages of the same litigation.").

## Conclusion

Based on the foregoing, Plaintiff Ann Marie Attridge respectfully requests that the Court reconsider and withdraw its order dismissing Plaintiff's case for lack of subject matter jurisdiction.

Dated: October 20, 2023                Respectfully Submitted,

*/s/William M. Clanton*
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Phone: (210) 226-0800
Fax: (210) 338-8660
Email: bill@clantonlawoffice.com